

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MANASHIRSION SOSUNOV,

                Plaintiff,

-against-

Civil Action No.: **CV 11-2219**

**COMPLAINT**

THE CITY OF NEW YORK (CITY),
THE CITY OF NEW YORK POLICE DEPARTMENT (NYPD),
KEVIN FUSEYAMORE, Shield # 12250, an assaulting police officer of the 90th Precinct, Kings County, in his official and individual capacity,
"JOHN DOE 1", (name fictitious), police officer of the 90th Precinct,
"JOHN DOE 2", (name fictitious), police officer of the 90th Precinct,
"JOHN DOE 3", (name fictitious), police officer of the 90th Precinct,
identities and numbers of whom is presently unknown,
individually and in their official capacities,

                Defendants.

ITALIANO, J.

AZRACK, M.J.

---

    The plaintiff, by his attorneys, TIKHOMIROV & ROYTBLAT, PLLC, as and for his Complaint against the defendants respectfully sets forth:

### INTRODUCTION

1.    This is an action to recover actual and punitive damages against THE CITY OF NEW YORK (herein after referred as CITY), NEW YORK CITY POLICE DEPARTMENT (herein after referred as NYPD), KEVIN FUSEYAMORE, Shield # 12250, (herein after referred as PO FUSEYAMORE), an assaulting police officer of the 90th Precinct, in his official and individual capacity, and "JOHN DOES 1-3", the police officers of the 90th Precinct, in their official and individual capacities, for committing acts under color of law and depriving plaintiff of rights secured by the Constitution and laws of the United States and the State of New York;

## JURISDICTION AND VENUE

2. This action is brought pursuant to:

    a. 42 U.S.C. § 1983 (Civil action for deprivation of rights);

    b. 42 U.S.C. § 1985 (Conspiracy to interfere with civil rights);

    c. 42 U.S.C. § 1986 (Action for neglect to prevent);

    d. 42 U.S.C. § 1988 (Proceedings in vindication of civil rights);

3. Jurisdiction is proper pursuant to:

    a. 28 U.S.C. § 1331 (Federal question);

    b. 28 U.S.C. § 1343 (Civil rights);

    c. 28 U.S.C. § 1367 (Supplemental jurisdiction over all other related claims);

4. Venue is founded upon: 28 U.S.C. § 1391(b)(1) and (2);

## NOTICE OF CLAIM

5. A notice of claim against Defendants has been properly filed within ninety (90) days of the occurrence in compliance with the General Municipal Law Section 50;

6. More than thirty (30) days have elapsed since service of said notice, and defendants have failed to pay or adjust the claim;

7. The action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which these claims arise;

## PARTIES

8. The plaintiff, MANASHIRSION SOSUNOV, is and at all times pertinent hereto, a United States citizen, residing in the state of New York;

9. The defendant THE CITY OF NEW YORK (herein after referred as CITY), is a duly constituted municipal corporation of the State of New York and the employer of the

defendants police officers;

10. The defendant, THE NEW YORK CITY POLICE DEPARTMENT, (herein after referred as NYPD), is an agency of the CITY and the employer of the defendants police officers;

11. The defendant, KEVIN FUSEYAMORE, Shield # 12250, (herein after referred as PO FUSEYAMORE) at all times herein mentioned, was a police officer, employed at NYPD by CITY under the direction of CITY and was acting in furtherance of the scope of his employment and in his individual and official capacity;

12. The defendants "JOHN DOES 1-3", (names fictitious), at all times herein mentioned, were police officers, employed at NYPD by CITY under the direction of CITY and were acting in furtherance of the scope of their employment and in their individual and official capacity;

## FACTUAL ALLEGATIONS

13. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 14 of this complaint with the same force and effect as though fully set forth herein;

14. At all times relevant to this action, the plaintiff was an aged adult of 61 years of age and poor medical conditions;

15. Upon information and belief, on or about February 9, 2010 at approximately 10:30 AM, the plaintiff, MANASHIRSION SOSUNOV, engaged in lawful conversation with the defendant, PO FUSEYAMORE, at or near the 77 Wallabout Street, Brooklyn, New York;

16. Upon information and belief, during the conversation defendant, PO FUSEYAMORE, was sitting inside a police scooter with door opened;

17. Upon information and belief, at some time during the conversation the plaintiff leaned on the police scooter with his hands;

18. Upon information and belief, at some time during the conversation, the defendant, PO FUSEYAMORE, become enraged and violently crushed plaintiff's hand with the scooter door;

19. Upon information and belief, the defendant, PO FUSEYAMORE, attempted to drive away from the scene with plaintiff's fingers trapped between the door and cabin of the scooter;

20. Upon information and belief, the defendant, PO FUSEYAMORE, was stopped by bystanders who heard the plaintiff screaming in pain;

21. Upon information and belief, the defendant, PO FUSEYAMORE, immediately stopped and called the NYPD 90th Precinct requesting assistance;

22. Upon information and belief, at some time after the call, the defendants, "JOHN DOES 1-3", arrived and escorted the plaintiff to the Emergency Department of Woodhull Medical Center;

23. Upon information and belief, while at the hospital, the defendants cuffed the plaintiff and placed him under arrest;

24. Plaintiff was arrested on a false charge of a violation of PL §195.05, Obstructing Governmental Administration in the Second Degree;

25. Upon information and belief, the defendants, PO FUSEYAMORE and "JOHN DOES 1-3", wrongfully arrested the plaintiff based on evidence which had nothing whatsoever to do with the plaintiff and which, in no reasonable way, implicated the plaintiff;

26. On April 28, 2010 plaintiff appeared in Kings County Criminal Court, Part AP3 under Docket #: 2010KN010743 before Honorable Judge E. Laporte, and the matter was adjourned in contemplation of dismissal;

27. On October 27, 2010 the matter was dismissed and sealed pursuant to CPL §170.55;

28. Plaintiff alleges that the defendants, PO FUSEYAMORE and "JOHN DOES 1-3", severely

assaulted the plaintiff and unlawfully stopped, wrongfully detained, illegally seized, discriminatorily harassed, maliciously charged and accused, intentionally defamed, falsely arrested and imprisoned the plaintiff and that the defendants were negligent in their failure to prevent the assault and subsequent false imprisonment of the plaintiff, all in violation of his constitutional and civil rights, and with great endangerment toward the plaintiff's emotional and physical well-being;

29. Plaintiff further alleges that, despite defendants' professional duty owned to the plaintiff, the defendants and other police officers whose names are not presently known to the plaintiff had failed to reasonably investigate and take appropriate action to protect and secure plaintiff's rights, and negligently, wantonly and maliciously failed to inform any one of true facts which in turn lead to plaintiff's illegal incarceration;

30. Plaintiff further alleges that the defendants and other police officers whose names are not presently known to the plaintiff had abused process by conspiring and maliciously fabricating facts which subjected the plaintiff to unlawful incarceration to his harm and detriment;

31. Plaintiff further alleges that the defendants and other police officers whose names are not presently known to the plaintiff had abused process by disregarding and ignoring plaintiff's civil rights by failing to properly investigate facts which subjected the plaintiff to unlawful incarceration to his harm and detriment;

32. Plaintiff further alleges that, despite knowledge of the plaintiff's injuries and medical conditions and his urgent and serious medical needs, the defendants and other police officers whose names are not presently known to the plaintiff had unlawfully arrested the plaintiff causing exacerbation of plaintiff's injuries with resultant pain and excessive suffering, and a permanent worsening of his conditions, which would not have occurred had the plaintiff been

at liberty and treated in a proper manner;

33. Plaintiff further alleges that the defendants, CITY and NYPD, were negligent in training, hiring and supervising the defendants, PO FUSEYAMORE and "JOHN DOES 1-3;"

34. Plaintiff further alleges that the defendants and other police officers whose names are not presently known to the plaintiff through their misconduct, by severely assaulting the plaintiff and by refusing to conduct even the most rudimentary investigation and by refusing to acknowledge and give proper weight to an obvious evidence despite numerous protestations of innocence by the plaintiff, all form part of a pervasive pattern of neglect and callous indifference towards the systemic violations of civil and due process rights;

35. Upon information and belief, during all times mentioned in this complaint, the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the United States, the State of New York and/or the City of New York;

36. Upon information and belief, during all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order;

### AS AND FOR A FIRST CAUSE O F ACTION UNDER 42 U.S.C. § 1983
### (DEPRIVATION OF RIGHTS)

37. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 36 of this complaint with the same force

and effect as though fully set forth herein.

38. During all times mentioned in this complaint the defendants and each of them, separately and in concert, under color of law, caused to subject the plaintiff within the jurisdiction thereof to the deprivation of his rights, privileges, or immunities secured by the Constitution and laws by engaging in acts or omissions which they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which the defendants may appropriately and legally engage in the course of their official capacities.

39. At all the times herein mentioned, the defendants and each of them, separately and in concert, under color of law, in their official and individual capacities, have severely assaulted the plaintiff and refused to conduct proper investigation despite a numerous protestations by the plaintiff and the obvious risks to the plaintiff's health, liberty and happiness, and falsely arrested the plaintiff and subjected the plaintiff to excessive punishment;

40. During all times mentioned in this complaint the defendants and each of them, separately and in concert, under color of law the defendants have exhibited deliberate indifference to the health and liberty of the plaintiff, in violation of the rights, privileges, or immunities of the plaintiff as secured or protected by laws of the United States and failed to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the plaintiff;

41. Such actions of the defendants constitute a blatant violation of plaintiff's civil rights secured by laws of the United States.

42. By reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION UNDER 42 U.S.C. § 1985
### (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS)

43. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 42 of this complaint with the same force and effect as though fully set forth herein;

44. At all the times herein mentioned, the defendants and each of them, separately and in concert, in their official and individual capacities, knew or should have known about plaintiff's innocence;

45. At all the times herein mentioned, the defendants and each of them, separately and in concert, in their official and individual capacities, conspired or went in disguise, for the purpose of preventing, hindering and depriving, either directly or indirectly, the plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws, by maliciously fabricating facts, intentionally defaming, falsely charging and accusing the plaintiff which subjected the plaintiff to unlawful incarceration to his harm despite numerous plaintiff's protestations and the obvious evidence of plaintiff's innocence;

46. At all the times herein mentioned, the defendants and each of them, separately and in concert, in their official and individual capacities, have covered up the incident and have deliberately failed to identify and/or investigate repeated plaintiff's protestations and requests;

47. As a proximate cause of such defendants' systemic practice, pattern, and custom of intentionally promoting, supporting and covering official violations of 42 U.S.C. § 1983, the plaintiff was deprived of his rights and has suffered extreme unnecessary pain and suffering, and sustained exacerbation and permanent worsening of his injuries and excessive harm to the detriment of his physical and emotional health.

48. By reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 1986
### (NEGLECT TO PREVENT)

49. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 48 of this complaint with the same force and effect as though fully set forth herein;

50. At all the times herein mentioned, the defendants and each of them, separately and in concert, in their official and individual capacities, knew or should have known that their acts or omissions constitute violation of the plaintiff's rights, guaranteed to him under the laws of the United States;

51. At all the times herein mentioned, the defendants and each of them, separately and in concert, in their official and individual capacities, disregarded, ignored and failed to reasonably investigate and take appropriate action to protect and secure plaintiff's rights, and negligently, wantonly and maliciously failed to inform any one of true facts which in turn lead to violation of the plaintiff's rights;

52. At all the times herein mentioned, the defendants and each of them, separately and in concert, in their official and individual capacities, having knowledge that any of the wrongs conspired to be done, under 42 U.S.C. § 1985, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do and such wrongful acts have been committed;

53. At all the times herein mentioned, the defendants and each of them, separately and in concert, in their official and individual capacities had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the aforesaid deprivation of the plaintiff's civil rights, yet had failed and neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the plaintiff when such violations did in fact occur;

54. Such failure to stop and/or prevent these wrongful actions constitutes a breach of the defendants' duty under 42 U.S.C. § 1986;

55. As a result of such failure to stop and/or prevent the known violations stated above, the plaintiff has been falsely arrested and suffered extreme and excessive harm to the detriment of his health;

56. By reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENT HIRING, TRAINING, SUPERVISING, AND RETAINING)

57. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 56 of this complaint with the same force and effect as though fully set forth herein;

58. At all the times herein mentioned, the actions of the defendants, through its agents, servants and/or employees, heretofore described, constitutes negligence in that the defendants CITY and NYPD, negligently trained or failed to train its agents, servants, or employees, especially including the defendants, PO FUSEYAMORE and "JOHN DOES 1-3;"

59. At all the times herein mentioned, the actions of the defendants, through its agents, servants, and/or employees, heretofore described, constitutes negligence in that the defendants, CITY and NYPD, negligently supervised or failed to supervise its agents, servants, or employees, especially including the defendants, PO FUSEYAMORE and "JOHN DOES 1-3;"

60. At all the times herein mentioned, the actions of the defendants, through its agents, servants, and/or employees, heretofore described, constitutes negligence in that the defendants, CITY and NYPD, negligently disciplined or failed to discipline its agents, servants, or employees, especially including defendants, PO FUSEYAMORE and "JOHN DOES 1-3;"

61. At all the times herein mentioned, the defendants, CITY and NYPD, were negligent in its hiring of its agents, servants and/or employees, especially including the defendants, PO FUSEYAMORE and "JOHN DOES 1-3", when the defendants, CITY and NYPD, knew, or in the course of adequate and proper investigation should have reasonably known, that the defendants, PO FUSEYAMORE and "JOHN DOES 1-3", were unfit to hold their positions.

62. At all the times herein mentioned, the defendants, CITY and NYPD, were negligent in its retention of its agents, servants and/or employees, especially including the defendants, PO FUSEYAMORE and "JOHN DOES 1-3", when the defendants, CITY and NYPD, knew, or in the course of adequate and proper investigation should have reasonably known, that the defendants, PO FUSEYAMORE and "JOHN DOES 1-3", were unfit to hold their positions in that they refused or failed to perform within the statutory and constitutional limits of their authority and misused and abused their positions.

63. As a result of the negligence of the defendants, CITY and NYPD, and the acts of the defendants, PO FUSEYAMORE and "JOHN DOES 1-3", and other agents, servants and/or employees of the defendants, the plaintiff, through no fault of his own, was caused to suffer severe and permanent personal injuries, extreme unnecessary pain and suffering, false incarceration and excessive harm to the detriment of his physical and emotional health;

64. By reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)

65. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 56 of this complaint with the same force and effect as though fully set forth herein;

66. By their actions, as set forth above, the defendants and each of them, separately and in concert, acting in their official capacity under color of law, committed savage acts of assault and battery against the plaintiff, including, but not limited to, excessive and unreasonable physical force against the plaintiff, physical harm, severe pain and suffering, and imminent fear of life or limb;

67. As a result of the assault and battery by the defendants, and their agents, servants and/or employees, the plaintiff, through no fault of his own, was caused to suffer severe and permanent personal injuries, extreme unnecessary pain and suffering, false incarceration and excessive harm of undetermined permanent extent to the detriment of his physical and emotional health;

68. By reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

69. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 68 of this complaint with the same force and effect as though fully set forth herein;

70. At all the times herein mentioned, the actions of the defendants, through its agents, servants and/or employees, heretofore described, were outrageous, malicious, shocking and exceeding all reasonable bounds of decency tolerated by the average member of the community;

71. At all the times herein mentioned, the actions of the defendants, through its agents, servants and/or employees, heretofore described, were with the desire and intent to cause plaintiff emotional distress or acted under circumstance known to them which made it substantially certain that they would cause such emotional distress;

72. At all the times herein mentioned, the defendants, through its agents, servants and/or employees, heretofore described, acted with utter disregard of the consequences of their actions;

73. As a result of the intentional unlawful actions of the defendants, and their agents, servants and/or employees, the plaintiff, through no fault of his own, was caused to suffer severe emotional distress and excessive harm of undetermined permanent extent to the detriment of his physical and emotional health;

74. By reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

75. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 64 of this complaint with the same force and effect as though fully set forth herein;

76. At all the times herein mentioned, the defendants misconduct and/or indifference to the plaintiff's liberty and health has demonstrated a pervasive pattern of neglect and callous indifference towards the systemic violations of civil and due process rights protected by the Constitution and laws of the United States and the State of New York;

77. At all the times herein mentioned, the actions of the defendants and each of them, separately and in concert, in their official and individual capacities, were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm the plaintiff without regard for plaintiff's well being and were based on a lack of concern and ill-will towards the plaintiff;

78. By reason of the foregoing, the plaintiff deserves an award in the sum of ONE MILLION ($1,000,000.00) DOLLARS as punitive damages.

## AS AND FOR AN EIGHTH SIXTH CAUSE OF ACTION UNDER 42 U.S.C. § 1988 (ATTORNEYS' FEES)

79. The plaintiff, MANASHIRSION SOSUNOV, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 64 of this complaint with the same force and effect as though fully set forth herein;

80. The plaintiff has incurred significant attorneys' fees in the prosecution of the above referenced claims against the defendants;

81. By reason of the foregoing, the plaintiff shall be entitled to the recovery of said attorneys fees from the defendants as a prevailing party under 42 USC § 1988;

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff, ROMAN ZADIRIYEV, prays that this Honorable Court enter a judgment against the defendants as follows:

1) On the First Cause of Action in the sum of One Million ($1,000,000.00) Dollars; and

2) On the Second Cause of Action in the sum of One Million ($1,000,000.00) Dollars; and

3) On the Third Cause of Action in the sum of One Million ($1,000,000.00) Dollars; and

4) On the Fourth Cause of Action in the sum of One Million ($1,000,000.00) Dollars; and

5) On the Fifth Cause of Action in the sum of One Million ($1,000,000.00) Dollars; and

6) On the Sixth Cause of Action in the sum of One Million ($1,000,000.00) Dollars; and

7) For punitive damages in amount of One Million ($1,000,000.00) Dollars; and

8) Award costs of this action including attorney's fees to the plaintiff; and

9) For such other and further legal and equitable relief that the Court may deem just and proper.

10) A jury trial is hereby demanded.

Dated:
    Brooklyn, New York

                                                Respectfully Submitted,

By_____
        ANDREY TIKHOMIROV, ESQ. (AT8276)
        *Attorney for Plaintiff*
        1400 Avenue Z, Suite 403
        Brooklyn, New York 11235
        (718) 376-9500