UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MANASHIRSON SOSUNOV,
                                                    :
                                                    :
                        Plaintiff,                  :
                                                    :          **MEMORANDUM & ORDER**
        -against-                                   :
                                                    :          11-cv-2219 (ENV) (JMA)
CITY OF NEW YORK, et al.,                            :
                                                    :
                        Defendants.                 :
                                                    :
                                                    :
------------------------------------------------------------x

VITALIANO, D.J.,

        Plaintiff Manashirson Sosunov brings claims pursuant to 42 U.S.C. § 1983

against the City of New York, Officer Kevin Fuseyamore and other unnamed

officers arising out of an incident in which Officer Fuseyamore shut the door of his

police scooter on Sosunov's finger.  Sosunov alleges false arrest, failure to intervene

and state law claims of assault and battery and intentional infliction of emotional

distress.  Defendants have moved for summary judgment on all remaining claims.[1]

For the reasons discussed below, the motion is granted.

                              Background

        On February 9, 2010 plaintiff was driving his car in the Williamsburg section

of Brooklyn when he noticed that the vehicle had a flat tire.[2]  As there were no

_____

[1]   At a November 12, 2012 pre-motion conference plaintiff voluntarily withdrew his
      claims against the City of New York, leaving only the individual defendants.

[2]   The facts are drawn from the complaint, answer, Rule 56.1 statements and

parking spaces immediately available, plaintiff parked his car "at the end" of a bus stop and proceeded to change his tire. When plaintiff finished changing the tire and stood up, he saw Officer Fuseyamore placing a ticket on his windshield for parking in a bus lane. At or around this point, the stories begin to diverge, but not in a way material to disposition of plaintiff's claims. According to Officer Fuseyamore, plaintiff vigorously objected to receiving the ticket. Plaintiff, the officer claims, became physical, grabbing Fuseyamore's jacket and obstructing his vehicle's registration sticker in an effort to avoid the ticket. Fuseyamore then returned to his police scooter, which was parked directly next to plaintiff's car. As plaintiff approached the scooter to continue to plead his case, Officer Fuseyamore closed the scooter door and caught plaintiff's left index finger, accidentally, he says, between the door and vehicle frame.

Upon hearing plaintiff's scream, Officer Fuseyamore opened the scooter door and called an ambulance, which transported plaintiff to Woodhull Medical Center. He was diagnosed there with a fractured finger. Following his treatment at Woodhull, plaintiff was transported to the 90th precinct station house and arrested on charges of obstructing governmental administration in the second degree (P.L. § 195.05) and disorderly conduct (P.L. § 240.20).

The Kings County District Attorney initially pursued the obstruction of

_____

deposition testimony. All reasonable inferences are drawn in favor of the non-moving party.

governmental administration charge,[3] but on April 28, 2010, Sosunov accepted an adjournment in contemplation of dismissal and his criminal case was dismissed on October 27, 2010.

As noted earlier, Sosunov, with some divergence, largely agrees with the description of events provided by Fuseyamore. As plaintiff tells it, when he observed Officer Fuseyamore placing a ticket on his windshield, he protested but only in an attempt to explain that he had just finished changing his tire. According to Sosunov, as he continued to plead with Fuseyamore, the officer began screaming obscenities at him and, on several occasions, physically shoved him. Sosunov claims that when Officer Fuseyamore re-entered his scooter, he approached the scooter and asked him why he was being so rude. At this point, according to plaintiff, Officer Fuseyamore observed plaintiff's hands at the threshold of the scooter door and intentionally slammed the door on his finger. Plaintiff does concede that Officer Fuseyamore then immediately opened the door and called for backup, including an ambulance to transport him to the hospital.

<u>Standard for Summary Judgment</u>

Pursuant to Rule 56, a federal district court must grant summary judgment upon motion and finding, based on the pleadings, depositions, interrogatory answers, admissions, affidavits, and all other admissible evidence that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); <u>Anderson v. Liberty Lobby,</u>

---

[3]   The District Attorney did not pursue the disorderly conduct charge.

Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004).  In determining whether the moving party has met this burden, a court must construe all evidence in a light most favorable to the nonmoving party, resolving all ambiguities and inferences in its favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002).  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original); Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 90 (2d Cir. 2002).  Material facts are those which, given the substantive law, might affect the suit's outcome.  Anderson, 477 U.S. at 248.

If the moving party makes a prima facie showing that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and put forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).  In so doing, the nonmoving party may not rely on conclusory allegations or speculation.  Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (citing D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.1998)); Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts

4

as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Thus, to defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Matsushita, 475 U.S. at 586). Nonetheless, the nonmoving party need not make a compelling showing; it need merely show that reasonable minds could differ as to the import of the proffered evidence. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997).

Discussion

I.     False Arrest

In order to make out a claim for false arrest, a plaintiff must show that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (citation omitted).  Defendants press, in their moving papers that Sosunov's false arrest claim must fail because Officer Fuseyamore had probable cause to arrest him, or, in the alternative, because Office Fuseyamore's actions were cloaked with qualified immunity.

"Probable cause is a complete defense to an action for false arrest brought under New York law or § 1983." Id.  "Probable cause to arrest exists when . . . a person of reasonable caution [believes] that an offense has been committed by the person to be arrested." Id.  "Whether probable cause existed for the charge actually invoked by the arresting officer at the time of the arrest is irrelevant [and],

5

[a]ccordingly, [d]efendants prevail if there was probable cause to arrest Plaintiff for any single offense." Id. at 20; Marcavage v. City of New York, 689 F.3d 98, 109-10 (2d Cir. 2012).  Since, for reasons that follow, probable cause to arrest Sosunov did exist, there is no need to analyze the alternative defense of qualified immunity.

Specifically, Sosunov concedes that he parked his car in a bus lane (see Pl. Response to Def. Rule 56.1 Statement, ¶ 3) but contends that the only relevant legal inquiry is whether Officer Fuseyamore had probable cause to arrest plaintiff for the infraction that he was ultimately charged with, namely obstruction of government administration.  Plaintiff, however, misstates the law, and even the facts, since Sosunov was also arrested for disorderly conduct.  In any event, as noted above, as long as an officer possesses probable cause to arrest for an offense, it is irrelevant to a false arrest claim whether that officer possesses probable cause to arrest for the specific offense charged.  Ackerson at 19-20.  This is so even if the offense supported by probable cause is a traffic offense.  Smart v. City of New York, 2009 U.S. Dist. LEXIS 30241, at *13-14 (S.D.N.Y. 2009) ("[I]t is well-established that an officer's direct observation of even a minor traffic violation is sufficient probable cause to arrest the violator. . . . Because the officers had probable cause to arrest [plaintiff], his claim of false arrest fails as a matter of law.")  That is the case here.  Officer Fuseyamore had probable cause to arrest Sosunov on plaintiff's conceded traffic infraction.  In such circumstances, there can be no false arrest.  Plaintiff futilely contends that New York City police cannot arrest individuals for traffic violations as a matter of policy.  What is in issue, though, is whether constitutional probable cause, not municipal policy, is satisfied.  And, it is.  See, e.g., Feurtado v. City of New

6

York, 337 F. Supp. 2d 593, 598 (S.D.N.Y. 2004); Smart at *14. Therefore, for these reasons alone, the Court would be obligated to grant defendants' motion for summary judgment against plaintiff on his false arrest claim.

But, there is more. This ground is separately and equally fatal to Sosunov's false arrest claim. Where an arrest results in criminal charges that terminate in a disposition unfavorable to the defendant, the disposition is a complete defense to a false arrest claim brought by that defendant. Marcus v. Bush, 2013 U.S. Dist. LEXIS 70574, at *7 (E.D.N.Y. 2013). Sosunov's prosecution ended with an adjournment in contemplation of dismissal ("ACD"). It has long been held that an ACD is not a disposition favorable to the criminal defendant, now civil action plaintiff. Smith v. City of New York, 2013 U.S. Dist. LEXIS 159155, at *10-11 (S.D.N.Y. 2013). One this ground too, Sosunov's false arrest claim is totally barred. Consequently, it must be, and hereby is, dismissed.

II.    Failure to Intervene

Plaintiff also alleges a failure to intervene by certain unnamed officers, apparently based on their decision to allow Officer Fuseyamore to arrest him. "A failure to intervene cause of action does not itself state a separate constitutional violation. Rather, it is a means through which to hold additional defendants accountable for the violations committed by their co-defendants, given the duty . . . of all law enforcement officials to prevent constitutional violations." Hickey v. City of New York, 2004 U.S. Dist. LEXIS 23941, at *55 (S.D.N.Y. 2004). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive

7

force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." Id. (citing Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994)). However inconceivable it may be that a failure to intervene claim based on an alleged failure to prevent an arrest by a fellow officer that is based on that fellow officer's personal observations could ever vault the qualified immunity bar, the presence or absence of qualified immunity is not a material concern since the Court has already determined that no constitutional violation occurred when Officer Fuseyamore arrested Sosunov.  Succinctly, because Sosunov's false arrest claim fails as a matter of law, his failure to intervene claim against the other police officers for not attempting to prevent that arrest also fails as a matter of law.  See Feinberg v. City of New York, 2004 U.S. Dist. LEXIS 1609, at *12-13 (S.D.N.Y. 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right . . . the analysis ends.")  Those constitutional claims are dismissed with prejudice as well.

III.    State Law Claims

Plaintiff advances two state law claims: first, for assault and battery, and, second, for intentional infliction of emotional distress.  Plaintiff, naturally, pegs his right to seek relief in this lawsuit on principles of supplemental jurisdiction, under 28 U.S.C. § 1367.  The decision "to exercise supplemental jurisdiction rests in the discretion of the district court."  Reardon v. Keating, 2013 U.S. Dist. LEXIS 155129, at *93 (D. Conn. 2013).  Since the Court dismisses all of plaintiff's federal claims without trial, it will not exercise supplemental jurisdiction over the remaining state law claims.  Those claims are hereby dismissed without prejudice, and with leave to

8

replead in a state court of appropriate jurisdiction.

## Conclusion

For the reasons stated above, upon defendants' motion for summary judgment, plaintiff's claims under § 1983 for false arrest and failure to intervene are dismissed as to all remaining defendants. Plaintiff's state law claims are dismissed without prejudice and with leave to replead in a state court of appropriate jurisdiction.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         November 22, 2013

                                        s/ ENV

                                        _____
                                        ERIC N. VITALIANO
                                        United States District Judge